UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID OPALINSKI and JAMES McCABE, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION,<br><br>                Defendants. | CIVIL ACTION NO.: _____<br><br>JURY DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, by way of Complaint against Defendants, allege as follows:

1. This case is brought on behalf of individuals who have performed duties as "staffing managers" for Defendants Robert Half International, Inc. and Robert Half Corporation (together "Defendants" or "Robert Half"). Robert Half is an international staffing firm that has employed thousands of individuals throughout the United States to provide temporary and longer term employment placement in a variety of industries. Although Robert Half staffing managers have been required to work long hours, they have not been paid overtime for the hours they have worked beyond 40 per week. Plaintiffs allege that Robert Half has improperly classified them as exempt from overtime pay requirements under both the "duties" test and the "salary basis" test of the Fair Labor Standards Act, Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* Plaintiffs seek lost back pay, as well as liquidated damages, attorneys' fees, costs, and other

relief on behalf of themselves and all other Robert Half staffing managers who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims in this case pursuant to 28 U.S.C. §1331, the federal statute in question being the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

3. Venue is proper in the United States District Court for the District of New Jersey because Defendants conduct business in New Jersey and the acts complained of herein with respect to the currently named Plaintiffs occurred in New Jersey.

## BACKGROUND AND PARTIES

4. Plaintiffs David Opalinski and James McCabe, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Robert Half International, Inc., a Delaware corporation, and Robert Half Corporation, a Nevada corporation (collectively "Robert Half" or "Defendants").

5. Defendants have willfully failed to pay Plaintiffs and all other persons employed by them as Staffing Managers throughout the United States time and one-half their regular rates of pay for all hours worked in excess of forty per week, despite the defendants' violation of the "duties" test mandated under the FLSA for exempt status.

6. In addition, Defendants have willfully failed to pay Plaintiffs and all other persons employed by Defendants within the United States in positions classified by Defendants as "Exempt" positions ("Salaried Employees") time and one-half their regular rates of

pay for all hours worked in excess of forty per week, despite the defendants' violation of the "salary basis" test mandated under the FLSA for exempt status.

7. This Complaint is brought by Plaintiffs on their own behalf and on behalf of all persons who are or have been employed by Defendants as Staffing Managers, or to perform duties of staffing managers, who have not been paid overtime owed to them and who may choose to "opt in" to this action.

8. Plaintiff David Opalinski is an individual who resides in Little Ferry, New Jersey. Mr. Opalinski worked as a staffing manager for Robert Half from approximately February 2002 to January 2009.

9. Plaintiff James McCabe is an individual who resides in Mountain Lakes, New Jersey.  Mr. McCabe worked as a staffing manager for Robert Half from approximately August 2001 to October 2008.

10. Defendant Robert Half International, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.

11. Defendant Robert Half Corporation is a Nevada corporation with its principal place of business in Menlo Park, California.

12. According to their own website, Defendants are the nation's first and largest specialized staffing firm, with more than 300 offices worldwide.

**FACTUAL ALLEGATIONS**

**A.  Facts Demonstrating Defendants' Violation of the "Duties" Test**

13. Robert Half purports to pay its staffing managers on a salary basis, with no additional pay for overtime hours.

14. However, as Robert Half knows and requires, individuals performing staffing manager duties regularly work more than 40 hours per week to complete the work assigned.

15. The primary job duty of Robert Half staffing managers is to make sales calls from Defendants' regular place of business.  They spend the majority of their time at work telephoning companies to inquire about their staffing needs and make a "sales pitch" regarding Defendants' personnel placement services.  Staffing managers call preexisting Robert Half clients and make "cold calls" to potential new customers in particularized industries, at the direction of Robert Half.

16. Almost all this work is done at the employers' place of business, and therefore, Plaintiff and Plaintiff class members have not been engaged in "outside sales" as that term is defined by the Fair Labor Standards Act.

17. Defendants misclassify staffing managers as "exempt" from the overtime compensation requirement of the FLSA.

18. The primary duty of staffing managers is not the performance of office or non-manual work directly related to the management or general business operations of Defendants or Defendants' customers.

19. The primary duty of staffing managers does not include the exercise of discretion and independent judgment with respect to matters of significance.  Defendants advised Plaintiffs what they should be working on at every moment of the day, on an hour-by-hour and sometimes minute-by-minute basis.

20. The primary duty of staffing managers does not include managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

21. The primary duty of staffing managers does not include the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

**B.  Facts Demonstrating Defendants' Violation of the "Salary Basis" Test**

22. Defendants have prepared an employee handbook to acquaint their employees with their policies and benefits, and they provide their employees with this employee handbook as a reference guide to their employment policies and procedures.

23. The Employee Handbook sets forth "Employee Classifications" which determine whether Defendants' employees are paid on a salary basis and affect their eligibility for overtime payments and employee benefits.  One of these classifications is defined as follows:  "Exempt Employees are employees in positions which are exempt from legal overtime pay requirements.  Exempt employees are expected to work whatever hours are necessary to do their jobs properly."

24. The Employee Handbook sets forth Defendants' "CHOICE Time Off (CTO)" policies, which provide their employees with paid time away from the job for vacation, outside activities, illness, personal business, and family matters and which explicitly apply to both "Exempt and Non-Exempt" employees of Defendants.

25. Pursuant to Defendants' CTO policies set forth in the Employee Handbook, Defendants' Exempt and Non-Exempt employees may take CTO before it is actually earned, but if an employee's employment ends before his or her used CTO has been earned, the unearned CTO time "will be owed back to [Defendants] and deducted from the final paycheck or other amounts payable to the employee."

26. Pursuant to Defendants' CTO policies set forth in the Employee Handbook, "[t]o the extent that an exempt employee has personal business that results in an absence from work of more than 2 hours, [Defendants'] practice is that the day will be considered a full day of CTO."

27. Pursuant to Defendants' CTO policies set forth in the Employee Handbook, a Salaried Employee who works a partial day on which he or she is absent from work for more than two hours for personal reasons would have to record and deduct a full day, or eight hours, of CTO for payroll records, and such deductions for partial day absences would be subject to reduction from employees' final paychecks if they have negative CTO balances, in violation of the FLSA's "salary basis" test.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219)**

28. Plaintiffs repeat the allegations set forth in paragraphs 1 through 27 as if each were separately and completely set forth herein.

29. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiffs and class members time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek.

30. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and class members have been deprived of overtime pay in amounts to be proven at trial.

31. Defendants' policy and practice of treating Plaintiffs and class members as exempt employees violate the FLSA's "duties" test because Defendants fail to pay

overtime to staffing managers despite requiring employees in these positions to perform duties that do not qualify for any exemption from the FLSA's overtime-pay requirements.

32. Defendants' CTO policies, as described above, violate the FLSA's "salary basis" test by requiring allegedly salaried employees who work a partial day and are absent from work for personal reasons for more than two hours either to take a full day of CTO and receive no regular pay for their hours worked or to take a partial-day deduction in CTO hours which is then subject to deduction from the employees' final paychecks.

33. Defendants' CTO policies, as described above, also violate the "salary basis" test by requiring allegedly salaried employees who are ready, willing, and able to work for partial days to stay away from work in order to comply with Defendants' policies that salaried employees may only take deductions from CTO in full-day increments. These full-day deductions from employees who would have worked for partial days constitute deductions from salary for "absences occasioned by the employer," and therefore, staffing managers and other allegedly salaried employees subject to Defendants' CTO policies are "not paid on a salary basis," as required by the FLSA.

34. At all relevant times, Defendants were aware of the CTO policies imposed upon and the duties performed by the Plaintiffs and class members. Defendants were also fully aware that their CTO policies and the duties of Plaintiffs and class members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

35. Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

WHEREFORE, Plaintiffs and class members demand judgment against Defendants for the unpaid balance of overtime compensation, plus an equal amount as

liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and class members demand judgment against Defendants as hereinafter set forth, including, *inter alia*:

(a) Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by it as staffing managers within the relevant time period, including the last known address and telephone number of each person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(b) Determine the damages sustained by Plaintiffs and class members as a result of Defendants' violations of 29 U.S.C. §216(b), and award those damages against Defendants and in favor of Plaintiffs and class members, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(c) Award Plaintiffs and class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(d) Grant Plaintiffs and class members such other and further relief as the Court may deem just and proper;

- 9 -

        Respectfully submitted,
DAVID OPALINSKI and JAMES McCABE, on behalf of themselves and all others similarly situated,

By their attorneys,


   /s/ Anthony L. Marchetti, Jr.
Anthony L. Marchetti, Jr. (ALM4302)
Cureton Clark, P.C.
3000 Midlantic Drive, Suite 200
Mt. Laurel, NJ 08054


Shannon Liss-Riordan, *pro hac vice anticipated*
(Mass. BBO #640716)
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114

Dated: April 22, 2010       (617) 994-5800