ALEXANDER W. WOOD (AW8447)
STEPHEN P. SONNENBERG (*pro hac vice* pending)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

RICHARD L. ALFRED (*pro hac vice* pending)
KRISTA G. PRATT (*pro hac vice* pending)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Attorneys for Defendants Robert Half International Inc. and Robert Half Corporation

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID OPALINSKI and JAMES McCABE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - vs.- <br><br> ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION, <br><br> Defendants. | CIVIL ACTION NO.: <br> 2:10-CV-02069 (SDW) |

**DEFENDANTS' ANSWER TO COMPLAINT**

The Defendants, Robert Half International Inc. and Robert Half Corporation (collectively "Defendants" or "RHI"[1]), answer the Complaint filed in this matter by David Opalinski ("Opalinski") and James McCabe ("McCabe") (together "Plaintiffs") as follows:

---

[1] Defendants answer the Complaint without waiving their right to file an appropriate motion or otherwise seek relief from the Court to the extent Robert Half International Inc. is improperly named as Plaintiff's employer.

1. To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated against Robert Half International Inc. and Robert Half Corporation, which Defendants will argue at the appropriate time to be improper and inconsistent with the legal standards for class and/or collective action certification.  Defendants admit and allege that RHI operates a number of staffing and consulting locations worldwide.  Defendants admit that RHI's Staffing Managers are paid a salary and that, as exempt employees, they worked as necessary to perform their job duties.  Defendants deny the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Defendants admit that this case arises under the federal statutes specified therein, but deny that they have violated any such statutes.

3. To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent that a response to this Paragraph is deemed required, Defendants admit that they conduct business in New Jersey but deny the remaining allegations in Paragraph 3.

## BACKGROUND AND PARTIES

4. To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all other similarly situated "Staffing Managers" against Robert Half International Inc., a Delaware corporation, and Robert Half Corporation, a Nevada corporation.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent that a response to this Paragraph is deemed required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all persons who are or have been employed by Defendants as Staffing Managers, who allegedly have not been paid

overtime owed to them and who may chose to opt into this action.  Defendants will argue at the appropriate time that Plaintiffs' efforts in this regard are improper and that their claims in this matter are inconsistent with the legal standards for class and/or collective action certification.  Defendants deny the remaining allegations in Paragraph 7.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Opalinski's residence and therefore deny this allegation.  Defendants admit that Opalinski worked as a Staffing Manager for RHI from approximately February 2002 to January 2009.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning McCabe's residence and therefore deny this allegation.  Defendants admit that McCabe worked as a Staffing Manager for RHI from approximately August 2001 to October 2008.

10.    For the purpose of jurisdiction, Defendants admit that Robert Half International Inc. is a Delaware corporation with its principal place of business in Menlo Park, California and San Ramon, California.

11.    For the purpose of jurisdiction, Defendants admit that Robert Half Corporation is a Nevada corporation with its principal place of business in Menlo Park, California and San Ramon, California.

12.    Defendants admit that RHI maintains a website and state that the website speaks for itself.  Defendants deny the remaining allegations in Paragraph 12.

## FACTUAL ALLEGATIONS

13.    Defendants admit that RHI's Staffing Managers are paid a salary and are not paid overtime because they are properly classified as exempt from overtime pay requirements.  Defendants deny the remaining allegations in Paragraph 13.

14.    Defendants admit that Staffing Managers, as exempt employees, work as necessary to perform their job duties.  Defendants deny the remaining allegations in Paragraph 14.

15. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants admit that the job duties of RHI's Staffing Managers include making telephone calls to RHI's existing clients and potential new clients, among many other duties. Defendants deny the remaining allegations in Paragraph 15.

16. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 16.

17. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 17. In further answering, Defendants state that they properly classified Staffing Managers as exempt from the overtime compensation requirement of the Fair Labor Standards Act.

18. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 18.

19. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 19.

20. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 20.

21. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 21.

22. Defendants admit that they distribute documents describing their policies and benefits to employees, which speak for themselves. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit that they distribute documents describing their policies and benefits to employees. Defendants further state that all documents describing their policies and benefits speak for themselves. Defendants deny the remaining allegations in Paragraph 23.

24. Defendants admit that they provide to employees information regarding the CHOICE Time Off ("CTO") policy. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants admit that they provide to employees information regarding the CTO policy. Defendants deny the remaining allegations in Paragraph 25.

26. Defendants admit that they provide to employees information regarding the CTO policy. Defendants deny the remaining allegations in Paragraph 26.

27. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants state that documents regarding their CTO policies speak for themselves and deny the allegations in Paragraph 27.

**CAUSES OF ACTION**

**COUNT I: FAILURE TO PAY OVERTIME WAGES**
**(VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201-219)**

28. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 27 of the Complaint.

29. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 29.

30. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 30.

31. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 31.

32. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 32.

33. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 35.

36. Responding to Plaintiff's Prayer for Relief, Defendants deny that Plaintiffs, or the persons they purport to represent, have been damaged in any amount or are entitled to any of the relief requested in the Prayer, or any of its subparts.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Defendants do not assume the burden of proof as to matters for which Plaintiffs bear the burden.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its claims for relief, is barred because Plaintiffs agreed to submit each such claim to binding arbitration, and therefore prosecution of this action should be dismissed or stayed pending the arbitration.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent are barred by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

Based on the terms of their employment agreement, Plaintiffs and the people they purport to represent have waived any claims in this action based on conduct occurring more than six months prior to the termination of the respective employment.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs and the people they purport to represent have acquiesced or consented to the matters alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

At all times relevant and material to this matter, Plaintiffs and the persons in the putative class were exempt from the overtime compensation requirements of federal law because they were paid on a salary basis and were employed in an administrative, executive, professional, and/or relevant sales capacity within the meaning of the applicable statute and regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

In treating Plaintiffs and persons in the putative class as exempt from overtime pay requirements, Defendants acted in good faith and in conformity with opinions issued by the

United States Department of Labor classifying positions similar to the ones at issue in this matter as exempt from overtime pay requirements.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the people they purport to represent cannot be properly certified or maintained as a collective action pursuant to 29 U.S.C. § 216(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims alleged by Plaintiffs are not common to those, if any, of the classes of persons they purport to represent.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the legal rights or interests of others.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims alleged on behalf of themselves and the classes of persons they purport to represent are matters as to which individual questions predominate and, accordingly, are not appropriate for class treatment.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not similarly situated to other members of the classes of persons they purport to represent, and Plaintiffs are therefore inadequate representatives for the classes of persons they purport to represent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' counsel lack the skill, experience, and expertise to adequately represent the purported representative group.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Some of the activities performed by Plaintiffs and the people they purport to represent while they claim to have been "on duty" are preliminary or postliminary within the scope of 29 U.S.C. § 254 and would, therefore, be excluded from any calculation of minimum wages

and/or overtime pay owed to the Plaintiffs and the people they purport to represent, even if such individuals were not properly exempt from federal minimum wage and overtime pay requirements.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiffs and/or the putative class members did not perform the job duties they were reasonably and realistically expected to perform.

### TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' purported claims are subject to offset, set-off and/or recoupment by virtue of payments that Defendants already have made to them and/or to members of the putative class.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the persons in the putative class are not entitled to any penalty, multiplication or liquidation of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the overtime compensation provisions of federal law.

### RESERVATION OF RIGHTS

Defendants reserve the right to raise additional defenses as may be discovered during the course of these proceedings.

WHEREFORE Defendants Robert Half International Inc. and Robert Half Corporation pray that the Complaint be dismissed and that the Court provide Defendants with such other remedies as are appropriate under the circumstances.

Dated:  New York, New York
       May 28, 2010

Respectfully submitted,

By:    <u>      s/ Alexander Wood     </u>
Alexander W. Wood (AW8447)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 230-5124
alexanderwood@paulhastings.com

Counsel for Defendants
ROBERT HALF INTERNATIONAL INC.
and ROBERT HALF CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2010, a copy of the foregoing Defendants' Answer to Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Additionally a courtesy copy was sent to the Court via regular mail on May 28, 2010 at the following:

>Honorable Susan D. Wigenton
>Martin Luther King, Jr. Federal Building & U.S. Courthouse
>50 Walnut Street
>Newark, New Jersey 07101

       s/ Alexander Wood       
Alexander W. Wood (AW8447)
