UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID OPALINKSI, and JAMES MCCABE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. and ROBERT HALF CORPORATION,<br><br>Defendants. | Civil Action No. 10-2069 (SDW)(MCA)<br><br>**OPINION & ORDER**<br><br>March 18, 2011 |

**WIGENTON**, District Judge.

Before the Court is Defendants Robert Half International Inc., and Robert Half Corporation's (collectively "Defendants") appeal from Magistrate Judge Madeline C. Arleo's Order granting Massachusetts attorney Shannon Liss-Riordan's ("Liss-Riordan") application for *pro hac vice* admission to this Court. This appeal is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Judge Arleo's Order granting the *pro hac vice* admission of Liss-Riordan is AFFIRMED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs David Opalinksi ("Opalinksi") and James McCabe ("McCable") are Defendants' former employees. On April 23, 2010, Opalinski and McCabe, on behalf of themselves and other individuals "who have performed duties as 'staffing managers' for Defendants" (collectively "Plaintiffs") initiated this action alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., by failing to pay them overtime. (Compl. ¶ 1.) On October 14, 2010, Plaintiffs filed a motion for *pro hac vice* admission of Liss-Riordan.

1

(Docket Entry No. 30.)  Defendants opposed the motion.  On that same day, Magistrate Judge Arleo granted Plaintiffs' motion.  On November 1, 2010, Defendants appealed the October 14 Order.  (Docket Entry No. 32.)  Essential to this appeal is Liss-Riordan's involvement in a prior action against Defendants in Massachusetts, O'Donnell v. Robert Half Int'l, Inc., 1:04-cv-12719 (D. Mass.) (the "O'Donnell action").

**The O'Donnell Action**

Liss-Riordan and her firm, Lichten & Liss-Riordan, P.C., ("Lichten") represented the plaintiffs in the O'Donnell action.  The law firm of Seyfarth Shaw LLP ("Seyfarth") represented Defendants. Similar to the present case, the plaintiffs in the O'Donnell action asserted claims under the Fair Labor Standards Act.  O'Donnell v. Robert Half Int'l, Inc., 641 F. Supp. 2d 84, 85 (D. Mass. 2009).

On June 3, 2009, Seyfarth filed a motion to disqualify Lichten under Rule 1.10 of the Massachusetts Rules of Professional Conduct.  The basis of Seyfarth's motion was that Lichthen hired a former associate, Sarah Getchell ("Getchell"), of Seyfarth.  Id.  Getchell graduated from law school in 2008 and worked at Seyfarth for about eight months.  During Getchell's tenure at Seyfarth she billed 7.2 hours on the O'Donnell action.  However, Getchell testified that "she had absolutely no memory of ever having worked on the instant case or of having received information about this case while at the Seyfarth firm."  Id. at 87.  Additionally, while employed at Lichten, Getchell was screened from the O'Donnell action.  Nonetheless, the court found that although Getchell did not have a "substantial involvement" in the O'Donnell action, she received "substantial material information."  Id. (internal quotations omitted).  Consequently, Lichten was disqualified from the case.  Id. at 91.  In September 2009, Getchell ceased working at Lichten. O'Donnell v. Robert Half Int'l, Inc., 724 F. Supp. 2d 217, 219 (D. Mass. 2010)

On January 6, 2010, the District Court affirmed Lichten's disqualification, (Defs.' Ex. B at 3); thereafter, the case settled.  O'Donnell, 724 F. Supp. 2d at 219.  However, the court denied Defendants' motion under the All Writs Act, 28 U.S.C. § 1651(a) seeking to enjoin Lichten

> from representing or providing legal advice to any party or attorney regarding potential or actual assertion of claims against defendants [Half] or any related entities, relating to hours of work or payment of wages, including without limitation exemption from overtime requirements, in any judicial, administrative, or arbitral forum, including without limitation representation of the plaintiffs in [the New Jersey case], until such time as the enjoined parties may come forward and show good cause why the injunction should no longer apply.

Id. at 219-20, 223.  Defendants appealed the district court's decision to the First Circuit.  On February 22, 2011, the First Circuit affirmed the district court's decision.  The First Circuit noted that the matter before it was "independent of the issue before the New Jersey court" and that "the disqualification order that defendants seek to enforce was very explicitly limited to this case and, as such, the Court need not impose that ruling on the New Jersey Court in order to effectuate it."  Moore v. Robert Half Int'l Inc., No. 10-1809, slip op. at 2 (1st Cir. Feb. 22, 2011).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 72.1(c)(1)(A), a magistrate judge's disposition on a non-dispositive motion may be modified or set aside if the ruling was "clearly erroneous or [] contrary to law."  See also 28 U.S.C. § 636(b)(1)(A); Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992).  A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)) (internal quotations omitted).  "A district judge's simple disagreement with the

3

magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). On the other hand, an order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006).

## DISCUSSION

Defendants maintain that Magistrate Judge Arleo erred because (1) the Order was based mainly on the New Jersey Rules of Professional Conduct, and (2) Liss-Riordan should be disqualified from this action.[1]

### 1. Standard for *Pro Hac Vice* Admission

"There is no uniform standard for *pro hac vice* admission in United States District Courts. District courts therefore mainly rely on state bar admission in determining whether to admit an attorney *pro hac vice*." Kohlmayer v. Nat'l R.R. Passenger Corp., 124 F. Supp. 2d 877, 879 (D.N.J. 2000) (citing In re Dreier, 258 F.2d 68 (3d Cir. 1958)). Generally, "a liberal approach is taken by federal courts in all jurisdictions in allowing out-of-state attorneys to practice in federal courts of jurisdictions where they are not admitted to the bar," and "this district is not unlike most other districts in that motions for *pro hac vice* admission are granted almost as a matter of course." Kohlmayer, 124 F. Supp. 2d at 880.

The local rule pertaining to *pro hac vice* in this district provides in relevant part: "[a]ny member in good standing of the bar of any court . . . who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L. Civ. R. 101.1(b),

---

[1] Alternatively, Defendants argued that this appeal should be stayed pending the First Circuit's decision on whether Lichten is enjoined from prosecuting this action under the All Writs Act. (Defs.' Br. 18.) That argument is moot because as stated earlier, the First Circuit has affirmed the district court's decision and determined that Lichten is not precluded from representing Plaintiffs in this action.

4

may . . . be permitted to appear and participate in a particular case." L. Civ. R. 101.1(c). This rule confers broad discretion to the Court. See Koch Materials Co. v. Shore Slurry Seal, Inc., 208 F.R.D. 109, 122 (D.N.J. 2002). In most cases, "courts grant admission liberally provided that the application complies with the Local Rules." Alliance Shippers, Inc. v. Blue Line Distribution, Ltd., 2010 WL 1371785, at *1 (D.N.J. Mar. 31, 2010).

Here, Magistrate Judge Arleo's decision is not "clearly erroneous or contrary to law." In making her determination, she focused on the local rule pertaining to *pro hac vice* admission and concluded that Liss-Riordan was a member in good standing of the bar of a court and that she was not under suspension or disbarment. (Docket Entry No. 30 at 8.) Defendants do not dispute this conclusion. However, they contend that Magistrate Judge Arleo should have taken Liss-Riordan's professional conduct into account. (Defs.' Br. 9.) The Court is not persuaded by Defendants' argument. The plain language of the rule does not require such an evaluation. Furthermore, even if such an analysis was required, the record is devoid of any facts showing that Liss-Riordan is not of good professional character. Contrary to Defendants' position, Lichten's disqualification in the O'Donnell action is not a measure of Liss-Riordan's professional character. As Plaintiffs point out, the firm's disqualification was based on "a technical conflict of interest," (Pls.' Br. 11), and that alone does not support a finding of bad professional character. Moreover, there are no disciplinary actions against Liss-Riordan. In sum, Defendants have not shown that Magistrate Judge Arleo's decision is "clearly erroneous or contrary to law."

### 2. Imputation of Conflict of Interests

Defendants also maintain that Magistrate Judge Arleo erred in granting Plaintiffs' application for *pro hac vice* because Liss-Riordan is precluded from representing Plaintiffs under

New Jersey RPC 1.10(b). (Defs.' Br. 12.) This argument lacks merit. New Jersey RPC 1.10(b) provides that:

> When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
> (2) any lawyer remaining in the firm has information protected by RPC 1.6 and RPC 1.9(c) that is material to the matter.

In making her determination, Magistrate Judge Arleo found that although this case and the O'Donnell action involve "substantially similar" facts, none of the lawyers remaining at Lichten possessed confidential information because Getchell had been adequately screened. (Docket Entry No. 30 at 5-6.) Magistrate Judge Arleo based her conclusion on the following:

> (1) No one employed with the Lichten firm discussed the O'Donnell action with Getchell, except to ascertain whether Getchell recalled having previously worked on [] [Defendants'] defense; (2) Getchell was assigned a fully-enclosed office at the opposite end of the law firm from where the offices of Liss-Riordan and Lichten were located; and (3) the O'Donnell action files were kept under lock and key to which Getchell was denied access.

(Docket Entry No. 30 at 6.) Based on the above, the Court finds that Magistrate Judge Arleo did not err.

Defendants, nonetheless, argue that Lichten did not sufficiently insulate its attorneys from obtaining information from Getchell. In support of this argument, they assert that Getchell was able to access and review the pleadings in the O'Donnell action. (Defs.' Br. 13.) This argument lacks merit for two reasons. First, the pleadings were available on PACER and publicly accessible. Secondly, Getchell's ability to access the pleadings would be relevant only

6

if Getchell was still employed at Lichten.  Similarly, Defendants' argument that Lichten's attorneys had access to work product Getchell brought from Seyfarth is unpersuasive.  Getchell testified that she only kept a daily planner and "the very limited files that [she] had for research" she did for some partners.  (Defs.' Ex. C at 12:23-13:2.)  She further testified that she kept those materials at home, (Id. at 13:2-3), and Defendants have not provided any evidence showing otherwise.  As a result, Lichten's attorneys did not have access to Getchell's files.

Defendants, without supporting authority, also maintain that Rule 1.10(d) of the Massachusetts Rules of Professional Conduct should be applied in this matter to preclude Liss-Riordan from representing Plaintiffs.  (Defs.' Br. 15.)

This argument is without merit.  First, as Magistrate Judge Arleo correctly noted, "[i]t is beyond dispute that New Jersey Rules of Professional conduct apply here," (Docket Entry No. 30 at 7) (citing L. Civ. R. 101.1(c)(5); 103.1(a)), and "[i]t would be unprecedented for this Court to apply a Rule of Professional Conduct from another jurisdiction simply because a firm had been disqualified in that jurisdiction earlier in a similar case."  (Docket Entry No. 30 at 7.)  Furthermore, as the First Circuit stated in its recent opinion "the disqualification order that defendants seek to enforce was very explicitly limited to th[e] [O'Donnell] case and, as such, the Court need not impose that ruling on the New Jersey Court in order to effectuate it."  Moore, No. 10-1809, slip op. at 2.  Consequently, Magistrate Judge Arleo's refusal to apply the Massachusetts Rules of Professional Conduct is not contrary to law.

For the reasons stated above,

**IT IS** on this 18th Day of March, 2011

**ORDERED** that Defendants' appeal of Magistrate Judge Arleo's October 14, 2010 Order is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Arleo's October 14, 2010 Order is hereby **AFFIRMED**.

s/ Susan D. Wigenton  
**Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.