NOT FOR PUBLICATION                                                                 CLOSED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID OPALINSKI and JAMES McCABE., | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | Civil Case No. 10-2069 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| ROBERT HALF INTERNATIONAL, INC. and ROBERT HALF CORPORATION, | Date: December 3, 2012 |
| Defendants. | |

**HOCHBERG, District Judge**:

This matter comes before the Court upon Defendants' Motion to Vacate the Partial Final Award on Clause Construction issued on May 31, 2012. Plaintiffs oppose Defendants' motion. This Court has considered the submissions of both parties pursuant to Fed. R. Civ. P. 78.

## I.   BACKGROUND

Plaintiffs David Opalinski and Robert McCabe are former staffing managers who worked for Robert Half International, Inc., and Robert Half Corporation (collectively "Robert Half" or "Defendants"). Their employment was governed by employment agreements ("Agreements") that the parties signed and that contained arbitration clauses which did not expressly allow or disallow class arbitration.[1] Plaintiffs sued Defendants in this Court alleging that Defendants

---

[1] Plaintiff Opalinski's agreement provided: "Employer and Employee agree that, to the fullest extent permitted by law, any dispute or claim arising out of or relating to Employee's employment, termination of employment or any provision of this Agreement, whether based on contract or tort or otherwise . . . shall be submitted to arbitration pursuant to the commercial arbitration rules of the American Arbitration Association." Lynne Smith Decl., Ex. A, ¶ 22.

1

misclassified these staffing managers as "exempt" from the Fair Labor Standards Act overtime requirements. 29 U.S.C. § 207.  Defendants moved to compel arbitration, and this Court compelled arbitration on October 16, 2011, instructing the arbitrator to consider the issue of whether class arbitration was permitted.  In its Partial Final Award on Clause Construction ("Award"), Arbitrator Susan T. Mackenzie ("Arbitrator") ruled in favor of Plaintiffs on this issue, concluding that class arbitration was permitted under the agreement.  Bernstein Decl., Ex. A.

Defendants now seek to have the Award vacated, arguing that the Arbitrator exceeded her powers by holding that the Agreements permitted class arbitration.  Plaintiffs oppose Defendants' motion.

## II.   LEGAL STANDARD

The Third Circuit has indicated that "[d]istrict courts have very little authority to upset arbitrator's awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995).  Moreover, a court "may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract," but must enforce the award so long as "the arbitrator has *arguably* construed or applied the contract, regardless of [whether] ... a court is convinced that [the] arbitrator has committed a serious error." *News America Publications, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990); *see also Roberts & Schaefer Co. v. Local 1846, United Mine Workers of America*, 812 F.2d 883, 885 (3d Cir. 1987) ("Even when the award was 'dubious,' and the result one that we would not

---

Plaintiff McCabe's agreement stated: "Any dispute or claim arising out of or relating to Employee's employment, termination of employment or any provision of this Agreement, whether based on contract or tort or otherwise . . . shall be submitted to arbitration pursuant to the commercial arbitration rules of the American Arbitration Association." Lynne Smith Decl., Ex. B, ¶ 22.

have reached had the matter been submitted to the court originally, we have upheld the arbitrator's decision.") (quotations omitted).  The Third Circuit has gone so far as to state that where "it is *possible* that the arbitrator could have been interpreting the contract, his [or her] failure to apply correct contract principles is irrelevant"; in fact, "the arbitrator's contract interpretation must be *irrational* before a reviewing court may disturb the award."  *Arco-Polymers, Inc. v. Local 8-74*, 671 F.2d 752, 755 (3d Cir. 1982), cert. denied, 459 U.S. 828 (1982) (emphasis added).

The policy animating this strict standard is the idea that "it is the arbitrator's construction [of the contract] which was bargained for" by the parties to a given agreement.  As such, so long as an award "draws its essence" from that agreement, a court has "no business overruling [the arbitrator]."  *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598-99 (1960); *see also Teamsters Union Local No. 115, of Philadelphia, Pa. v. DeSoto, Inc.*, 725 F.2d 931, 934-35 (3d Cir. 1984); *G.B. Goldman Paper Co. v. United Paperworkers Intern. Union, Local 286*, 957 F.Supp. 607, 615 (E.D. Pa. 1997).  The "evidentiary question" in determining whether an arbitrator has drawn her decision from the essence of the agreement is simply "whether there is any support for [the] arbitration award."  *Consolidation Coal Co. v. District 2, United Mine Workers of America*, 169 Fed.Appx. 704, 706 (3d Cir. 2006).  In other words, "if the arbitrator's interpretation is *in any rational way* derived from the . . . agreement, the arbitration award will not be disturbed."  *Pennsylvania Power Co. v. Local Union No. 272, Intern. Broth. of Elec. Workers, AFL-CIO*, 276 F.3d 174, 179 (3d Cir. 2001) (emphasis added). Courts have found this to be particularly true in the context of labor; the Third Circuit observed that "the United States Supreme Court has consistently held that courts exercise a narrow and deferential role in reviewing arbitration awards arising out of labor disputes."  *Pennsylvania*

3

*Power Co.*, 276 F.3d at 178; *see also Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969) ("[W]e must conclude that such a philosophy of restricted review compels even less judicial interference in matters arising from labor arbitration.").

## III.    DISCUSSION

At issue here is whether the Award should be vacated because the Arbitrator exceeded her powers by finding that the Agreements allow for class arbitration. Defendants contend that the Arbitrator's finding was erroneous and violates Supreme Court precedent. *See Stolt-Nielsen v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 (2010) (finding that arbitration panel exceeded its powers by imposing its own policy choice instead of interpreting and applying the agreement of the parties, and explaining that a party cannot be compelled to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so). Defendants note that the Agreements did not expressly authorize class arbitration and argue that an agreement to arbitrate does not implicitly authorize class arbitration, nor does the non-existence of an express class action waiver imply that the parties agreed upon class arbitration.

Defendants' arguments are unpersuasive particularly given the binding precedent of *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215 (3d Cir. 2012), which is directly on point. In light of *Stolt-Nielsen*, the Third Circuit Court of Appeals in *Sutter* evaluated an arbitrator's decision that class arbitration was allowed under a contract that was silent on the issue of class arbitration. The court explained that while "*Stolt-Nielsen* does prohibit an arbitrator from inferring parties' consent to class arbitration solely from their failure to preclude that procedure," it did not establish a rule that class arbitration is only allowed where an arbitration agreement expressly provides for class arbitration procedures. *Sutter*, 675 F.3d at 222, 224. Instead, an arbitrator can interpret an arbitration clause to allow for class arbitration, even if the clause does

4

not expressly provide for it, if the arbitrator articulates a contractual basis for that interpretation. *Id.* at 224. The arbitrator in *Sutter* examined the parties' intent and used contract interpretation principles to reach his conclusion. He described the text of the arbitration clause—which provided that "no civil action concerning any dispute arising under this [a]greement shall be instituted before any court"—as broad and embracing all conceivable court actions including class actions. He further explained that an express carve-out for class arbitration would be required to negate this reading of the clause. *Id.* at 218. When reviewing the award, the court explained that the arbitrator had the authority to find for class arbitration because such a finding had a contractual basis. *Id.* at 223-24.

Similarly, the Arbitrator in the instant case interpreted the parties' agreements using New Jersey contract interpretation principles. She issued a well-reasoned decision that provided a contractual basis for her interpretation that the Agreements authorize class arbitration. She found that the broad language of the Agreements—providing that "any dispute or claim" must be arbitrated[2]—could only be construed as allowing class proceedings. Award at 5. The Award states, in relevant part:

> [T]he language of [the arbitration provision] on its face supports an intent of the parties to include all statutorily-based claims under [the arbitration provision] unless expressly excluded. All terms of any contract are to be given force and effect, and [the arbitration provision] states expressly that "<u>any</u> dispute or claim arising out of or relating to Employee's employment" is subject to arbitration. . . . [U]se of this inclusive and generic term ["any"] on its face indicates that all claims are covered absent a demonstration of exclusion. . . . Other language included in [the arbitration provision] is also persuasive of a reading of the term "any claim" . . . as inclusive of FLSA class claims. The 2001 Employment Agreement further defines "covered claims" as those "based on contract or tort or

---

[2]Defendants attempt to distinguish *Sutter* from the instant case by arguing that the arbitration clause at issue in *Sutter* (stating that no civil action concerning any dispute arising under this [a]greement shall be instituted before any court") was broader than the clauses at issue here (which state that "any disputes or claims" between the contracting parties must go to arbitration). This Court disagrees with Defendants; the clauses are similarly broad.

> otherwise." . . . [Amendments to the arbitration provision] include express language stating that coverage extends to "claims based on any federal or state or local law or statute." . . . Nowhere does [the arbitration provision] state or indicate that one type of FLSA claim, one filed individually, is covered but another type of FLSA claim, one filed on behalf of others similarly situated, is not covered.

*Id.* The Arbitrator also observed that the parties expressly excluded certain types of claims from arbitration, such as worker's compensation claims. She reasoned that the fact that the Agreements did not take the extra step to exclude class claims was "further indication of an understanding that FLSA class claims" were intended to be arbitrated. *Id.* at 6.

The Arbitrator provides ample support in the Award for her findings. She interpreted the Agreements to determine the intent of the parties, and her interpretation is rationally derived from the Agreements. Thus, the Arbitrator did not exceed her powers by finding that the Agreements authorize class arbitration.

### IV. CONCLUSION

For the reasons stated above, **IT IS** on this 3rd day of December, 2012,

**ORDERED** that Defendants' Motion to Vacate is **DENIED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.